IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| JOSEPH M. WOODS, | : | CASE NO. 1:12-cv-00437 |
| | : | |
| Plaintiff, | : | Judge Timothy Black |
| | : | |
| v. | : | |
| | : | **STIPULATED CONFIDENTIALITY** |
| HARTFORD LIFE & ACCIDENT INS. | : | **AGREEMENT AND PROTECTIVE** |
| CO., et al., | : | **ORDER** |
| | : | |
| Defendants. | : | |

THIS STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE

ORDER is made between and among the parties to the above-captioned action on the date so

indicated below.

WHEREAS, discovery, including but not limited to interrogatories, document requests,

requests for admission and depositions, in the above-captioned action will involve the production

of information that the producing parties assert is confidential, personal, sensitive, proprietary,

trade secret, commercial, financial and/or business information;

WHEREAS, the parties agree to the terms herein, and to stipulate to the entry of an Order

concerning confidential and otherwise sensitive business or proprietary information, and to

facilitate the preservation of such confidential material, and the parties agree to adhere to the

terms herein regardless of whether the Court enters this Stipulated Confidentiality And

Protective Order ("Order") as an order of the Court.

WHEREAS, the parties agree that once documents are labeled as Confidential and filed

under seal with the court, the documents are proprietary information and if released would

damage Hartford competitively in the marketplace.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

## 1. Scope

This Order includes in its scope any documents, electronically stored information, or other information produced, or disclosed in the above-captioned litigation ("Action"), whether pursuant to formal or informal discovery requests, correspondence, motions not filed with the court, by subpoena, or through testimony; including all documents and tangible things as defined in the Federal Rules of Civil Procedure, or any applicable local rules; and to all such information produced or disclosed by non-parties to this Action pursuant to subpoena and/or deposition notice ("Litigation Material"). "Action" shall also include any litigation, action, proceeding or supplemental proceeding in any jurisdiction brought to enforce any judgment entered in this Action or any settlement agreement among or between any of the parties hereto.

## 2. Use of Litigation Material

All Litigation Material, disclosed or obtained by or from any person, whether or not a party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure or disclosed through the sealed filing of papers with the Court, shall be used for no purpose other than the prosecution and/or defense of this Action absent further Order of the Court. Nothing in this Order shall be construed to limit, condition or otherwise restrict in any way each Party's use of its own Confidential Information. Such disclosure by the producing Party shall not waive the protections of this Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Order.

## 3. Confidential Information

Each party or a non-party in its sole discretion may designate as "Confidential" under the terms of this Order any: (i) Litigation Material such party or non-party produces in this Action;

2

or (ii) Litigation Material produced by any non-party consisting of information concerning one

or more parties ("Confidential Information"). Litigation Material may be designated as

"Confidential" before or after it has been produced or disclosed.

4. **Designation of Litigation Material as Confidential**

      a.     Litigation Materials containing Confidential Information shall be so

designated by marking the respective pages of the document and where appropriate, the

entire document, with the legend "CONFIDENTIAL". In the event a party produces

Litigation Material that it deems to be Confidential Information without designating it as

such, the producing party may, by written notice delivered to the receiving party,

designate the information Confidential and upon receipt of such notice, every receiving

party shall mark the Litigation Material "CONFIDENTIAL" and shall treat it thereafter

as Confidential and subject to this Order.

      b.     Documents made available for inspection in response to a request for

production need not be marked "CONFIDENTIAL" prior to inspection. However, the

producing party following an inspection can mark those documents designated for

copying that contain Confidential Information as "CONFIDENTIAL".

      c.     All portions of deposition transcripts shall be treated as Confidential

Information if designated as such on the record by counsel for any party hereto, or by

counsel for any non-party testifying pursuant to subpoena.

      d.     The Confidential Information designation shall apply to any copies or

other reproductions, excerpts, summaries, abstracts or other documents that paraphrase,

excerpt, or contain Confidential Information. Any such material shall also be clearly

3

designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

### 5. Contesting Confidential Designation

Any Party who contests the designation of any Litigation Material as Confidential shall provide written notice to opposing counsel of their objection within thirty (30) days of receipt or notice of designation of the Litigation Materials as Confidential, and the parties shall use their best efforts to resolve any objection informally. If the parties are unable to resolve their dispute, the Party who contests the designation of materials as Confidential can file an objection with the Court within (45) days of receipt or notice of designation of the Litigation Materials as Confidential if written notice was provided within 30 days, and the matter shall be briefed according to local rules. In any challenge to the designation of the materials as Confidential, the burden of proof shall be on the Party seeking protection.

Designation of materials as Confidential shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

### 6. Access to Confidential Information

Counsel for Plaintiff shall be governed by the following restrictions in its use of the Confidential Information produced to it and as to the information derived therefrom:

  a.  Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, Counsel for Plaintiff may disclose such information to the Court and its employees, court reporters, independent expert witnesses or potential expert witnesses retained by Counsel for Plaintiff, and such other persons as may be agreed upon by the parties in the future, said agreement to be in writing signed by Counsel for all parties.

4

      b.    Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read a copy of this Stipulation and sign an Agreement To Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"). Counsel for Plaintiff shall maintain a copy of all Agreements signed by such persons and shall furnish copies to Counsel for Hartford upon its request. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, Counsel for Plaintiff shall make no further disclosure to such person and shall immediately notify Counsel for Hartford in writing.

      c.    Confidential Information may be copies and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Stipulation.

7. **Use of Confidential Information at Hearings, Trial, and Depositions**

Confidential Information may be referred to in documents filed with the Court such as briefs, memoranda, or other submissions, or made exhibits to documents filed with the Court or at trial, provided that any such briefs, memoranda, exhibits or submissions incorporating or referencing such Confidential Information, shall bear the statement "Confidential - Document Subject to Stipulated Confidentiality Agreement and Protective Order" on the first page of the brief, memorandum, exhibit or submission. Any brief, memorandum, exhibit or submission being filed with the court shall be filed under seal endorsed with the case caption, the word "CONFIDENTIAL" and a statement substantially in the following form:

"This is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party or non-party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action.  Violation thereof may be regarded as contempt of Court."

In the event that any Confidential Information is used in any court proceeding prior to or at trial, it shall not lose its confidential status through such use.

**8.      References in Open Court**

Confidential Information may be used by Counsel for Plaintiff in connection with any hearing or trial.

**9.      Notice of Unauthorized Disclosure**

If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party who improperly disclosed the information must immediately inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the improperly disclosed information and prevent disclosure by each unauthorized person who received such information.

**10.      Response to Third-Party Discovery**

In the event that any court requires the disclosure of Confidential Information, the party from whom disclosure is sought shall give immediate written notice to the parties that produced or designated the Litigation Material as Confidential to enable said party to take protective actions as it may deem necessary.  In the event a party believes that disclosure is otherwise required by law, it shall give at least 30 days written notice to the parties that produced or designated the Litigation Material as Confidential prior to disclosure.

6

11.    **Return of Confidential Information**

Within 30 days of the conclusion of this Action, the parties agree to return all

Confidential Information (including electronically produced materials) and copies thereof to the

producing party, or certify in writing that they have destroyed all Confidential Information

(including electronically produced materials) and all copies thereof.  The provisions of this Order

restricting communication, treatment and use of Confidential Information, shall continue to be

binding after the termination of this Action.

12.    **Legal Action and Remedies**

Counsel for Plaintiff acknowledges it may be subject to sanctions for breach of this

Confidentiality Agreement and agrees to reimburse Hartford for all reasonable attorneys` fees

and costs incurred as a result of a successful action initiated by Hartford seeking sanctions for

breach of this Confidentiality Stipulation.  Counsel for Plaintiff also agrees to reimburse Hartford

for all reasonable attorneys` fees and costs incurred as a result of any successful action initiated

by Hartford to enforce this Confidentiality Stipulation.  Nothing in this Confidentiality

Stipulation limits Hartford's right to pursue other legal or equitable remedies available to it

resulting from a breach of this Confidentiality Stipulation.

13.    **Purpose of Stipulation and Order**

This Order is entered for the purposes of providing appropriate confidentiality protections

and facilitating the production of documents and information without involving the Court

unnecessarily in the process.  Nothing in this Order nor the production of any information or

document under the terms of the Order nor any proceedings pursuant to this Order shall be

deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the

7

confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

### 14.    Court Retains Jurisdiction

After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to confidential information produced pursuant to this Order for the purpose of enforcement of this Order, including any appropriate sanctions for violations.

### 15.    Non-termination of Order

This Order shall remain in effect for the duration of the Litigation unless terminated by stipulation executed by Counsel of record for the parties or by order of the Court.  The provisions of this Order, insofar as they restrict the communication, treatment and use of Confidential Information, shall continue to be binding after the termination of this action unless the Court orders otherwise.

### 16.    Modification Permitted

Nothing in this Order shall prevent any Party from seeking modification of this Order.

### 17.    Non-waiver

Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper.

### 18.    Counterparts

This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

Dated this 20th day of February, 2013.

8

BY THE COURT:

_Timothy S. Black_

United States District Judge

**STIPULATED AND AGREED BY:**

_/s/ Robert Armand Perez Sr._
Robert Armand Perez, Sr., Esq. (0009713)
THE PEREZ LAW FIRM CO., L.P.A.
7672 Montgomery Road, #378
Cincinnati, OH 45236
(513) 891-8777 / (513) 891-0317 Fax
rperez@cinci.rr.com

**ATTORNEYS FOR PLAINTIFF JOSEPH WOODS**

_/s/ Caroline H. Gentry_
Caroline H. Gentry (0066138)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402-2028
(937) 449-6748 / (937) 449-6820 Fax
cgentry@porterwright.com

**ATTORNEYS FOR HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

9

### APPENDIX "A"

### <u>AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION</u>

I have read and understand the Stipulated Confidentiality Agreement and Protective

Order in the case of *Joseph Woods v. Hartford Life and Accident Insurance Company*, et al.,

Case No. 1:12-cv-00437, pending in the United States District Court for the Southern District of

Ohio, a copy of which has been delivered to me to keep with my copy of this Agreement.  I agree

to be bound by all the terms of the Stipulated Confidentiality Agreement and hereby agree not to

use or disclose the Confidential Information to be disclosed to me except for purposes of this

litigation as set forth in the Stipulated Confidentiality Agreement.  I further agree and attest to

my understanding that breach of this Agreement is directly actionable by the party which

designated the Confidential Information which is disclosed, and that in the event I fail to abide

by the terms of the Stipulated Confidentiality Agreement, I may be subject to sanctions.

_____

Signature

_____

Name (Printed)

_____

Street Address

_____

City    State      Zip

_____

Occupation or Business